PER CURIAM.
Appellants, John L. Haag, Jr., Roy L. Levine and their attorneys (collectively, “Haag”), challenge the trial court’s orders (1) approving attorney’s fee agreements entered into between appellee, the Department of Insurance, and two law firms, Smith Hulsey & Busey, and Tew & Beasley, and (2) denying appellants’ motion for attorney’s fees and costs. We affirm the first order, because the trial court properly approved the fee agreements pursuant to section 631.141(6), Florida Statutes (1996). We affirm the second order without comment because we conclude that, based on the partial record we have before us, it is supported by competent, substantial evidence.
Contrary to Haag’s contention on appeal regarding the first" order, this case is not controlled by Kuhnlein v. Department of Revenue, 662 So.2d 309 (Fla.1995). There, the court stated that a fee agreement between the named plaintiffs and their attorneys in a common-fund class action cannot bind the remaining members of the class, and that in such cases the court must instead use the lodestar method to determine attorney’s fees. The ease at bar, in contrast, is controlled by section 631.141(6), which provides that the Department of Insurance acting as a receiver in a chapter 631 delinquency proceeding shall enter into a fee agreement with its attorneys, with such compensation to be paid out of the insurer’s funds or assets, subject to the approval of the court. The court’s approval means that it is required to determine the reasonableness of the fee agreement, which the court below did follow *740 ing an evidentiary hearing. Kuhnlein cannot be read to require a trial court to disregard an agreement required by section 631.141(6) and adopt instead the lodestar approach.
AFFIRMED.
ERVIN, KAHN and BENTON, JJ., concur.